Merwin, <T.
It is claimed tbat tbe affidavit does not stow in what court tbe judgment was recovered, or tbat a transcript was filed in Oneida county before tbe execution was issued, or that tbe execution was issued out of a court of record.
Tbe .affidavit is entitled in tbe supreme court, and gives tbe title of tbe action, and states tbat “ judgment was rendered and perfected in this action,” &c.
This is in substance a statement that judgment was recovered in tbe supreme court
Tbe affidavit states that tbe said judgment was docketed and tbe judgment roll filed in tbe office of tbe clerk of tbe county of New York on tbe 14th of January, 1886, and a transcript filed and duly docketed in tbe office of tbe clerk of Oneida county on tbe 15tb of January, 1886, and tbat an execution against *323 tbe property of the defendants was on that 15th of January, 1886, duly issued on said judgment and delivered to tbe sheriff of Oneida county, where the defendants reside. The filing of the transcript and issuing of the execution are on the same day, it not being stated that the execution was issued after the filing, except as it may be inferred from the expression “duly issued.” Upon this state of the case, it will be presumed as between the parties, that the execution was 'issued after the filing of the transcript (Jones agt. Porter, 6 How., 286; Small agt. McChesney, 8 Cow., 19).
There being a sufficient allegation of the recovery of the judgment in the supreme court, then the allegation that the execution was duly issued on said judgment is in substance an allegation that the execution was issued out of a court of' record, according to the ruling in the case of Jager agt. Shepard, decided at Onondaga special term, September, 1885, and affirmed at general term, November, 1885.
It follows that the motion must be denied, with costs of motion.